Filed by _____ D.C.

ELECTRONIC

**Sep 29 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80781-CIV-MIDDLEBROOKS/Johnson

JOHN J. BOSWELL,

     Plaintiff,

v.

JEFFREY D. FISHER and
FISHER & BENDECK, P.A.

     Defendants.

_____/

## DEFENDANTS, JEFFREY D. FISHER's and FISHER & BENDECK, P.A.'s, ANSWER AND AFFIRMATIVE DEFENSES

COME NOW the Defendants, JEFFREY D. FISHER and FISHER & BENDECK, P.A., by and through undersigned counsel, and for their Answer and Affirmative Defenses state as follows:

### ANSWER

### JURISDICTION AND VENUE

1.    Defendants admit jurisdiction; however, Defendants deny that Plaintiff is entitled to relief.

### PARTIES

2.    Defendants are without knowledge as to the allegations contained within paragraph 2 of Plaintiff's Complaint and, therefore, deny same and demand strict proof thereof.

3.    Defendants admit the allegations contained within paragraph 3 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

9pa

Boswell v. Fisher, et al.
Case No.:  05-80781-CIV-MIDDLEBROOKS/Johnson
Page 2

4.      Defendants admit the allegations contained within paragraph 4 of Plaintiff's Complaint.

5.      Defendants deny the allegations contained within paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

## FACTS

6.      Defendants admit the allegations contained within paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations contained within paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8.      Defendants deny the allegations contained within paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9.      Defendants deny the allegations contained within paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.      Defendants deny the allegations contained within paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

## RELIEF REQUESTED

11.      Defendants deny the allegations contained within paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12.      Defendants deny the allegations contained within paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13.      Defendants deny the allegations contained within paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

-2-

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

Boswell v. Fisher, et al.
Case No.:  05-80781-CIV-MIDDLEBROOKS/Johnson
Page 3

14.    Defendants deny the allegations contained within paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.    Defendants deny the allegations contained within paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16.    Defendants deny the allegations contained within paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    The Defendants represented Tiffany Boswell, the ex-wife of the Plaintiff, in a marital dissolution action against the Plaintiff.  The allegations in Plaintiff's Complaint stem from judicial proceedings in the marital dissolution action. The tape recordings referenced in Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint were recorded by the Plaintiff himself, not these Defendants.  The contents of these recordings directly relate to issues in the marital dissolution action against the Plaintiff.

2.    Defendants affirmatively state that, since the recording tapes referenced in Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint were recorded by Plaintiff, pursuant to 18 U.S.C § 2511(2)(d), the recorded tapes were not generated and/or obtained in violation of 18 U.S.C § 2511.

3.    Defendants affirmatively state that they did not violate 18. U.S.C. § 2511 (1)(d), as they did not intentionally use or endeavor to use  the recording tapes referenced in Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint, knowing, or having reason to know, that the recording tapes were allegedly obtained unlawfully under 18 U.S.C § 2511.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

Boswell v. Fisher, et al.
Case No.: 05-80781-CIV-MIDDLEBROOKS/Johnson
Page 4

4.      Defendants affirmatively state that any claims with respect to the alleged use of recording tapes during the deposition questioning of Plaintiff are barred, as the alleged actions of Defendants occurred during a judicial proceeding and are absolutely privileged.

5.      Defendants affirmatively state that any claims with respect to the alleged use of recording tapes during the deposition questioning of Plaintiff are barred by Defendants' qualified privilege.

6.      Defendants affirmatively state that any claims with respect to the alleged use of recording tapes during the deposition questioning of Plaintiff are barred as the Defendants acted in good faith.

7.      After the Plaintiff's alleged claim in this action accrued, the Plaintiff released these Defendants.  More specifically, Plaintiff released among others, Ms. Tiffany Boswell and her agents, which as a matter of law, would serve to include these Defendants.

8.      Defendants affirmatively state that the Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

9.      Defendants affirmatively state that the Plaintiff is not entitled to damages or relief for "the loss of affection of his children" under 18 U.S.C § 2511 and 18 U.S.C § 2520.

10.     Defendants affirmatively state that the contents of the recording tapes referenced in Paragraphs 7, 8, 9 and 10 of Plaintiff's Complaint were already public information and common knowledge, and accordingly, were not prohibited.

11.     Defendants affirmatively state that the Plaintiff has failed to mitigate his damages, and any such recovery should be proportionately reduced as a result of this failure.

-4-

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

4 of 5

Boswell v. Fisher, et al.
Case No.:  05-80781-CIV-MIDDLEBROOKS/Johnson
Page 5

Defendants reserve the right to amend and/or assert additional Affirmative

Defenses as discovery proceeds.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

via U.S. mail this 29th day of September, 2005, to: Lawrence M. Burrell, Jr., Esq.,

Lawrence M. Burrell, Jr., PA, 2880 SE Downwinds Road, Jupiter, FL 33478.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail: postman@csklegal.com
Telephone: (561) 383-9234
Facsimile: (561) 683-8977

By:___s/Gene P. Kissane_____
GENE P. KISSANE
FBN: 842000
BARRY A. POSTMAN
FBN: 991856

L:\1919-0067-00\P\Answer.wpd

-5-

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX