FILED by _____ D.C.

ELECTRONIC

**Jan 6 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN J. BOSWELL,

        Plaintiff,                         Case No: 05-80781 CIV-Middlebrooks

v.                                         Magistrate Judge Johnson

JEFFREY FISHER AND
FISHER & BENDECK, P.A.,

        Defendants.

_____/

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW FOR PROTECTIVE
ORDER SEQUESTERING FACT WITNESSES PRIOR TO DEPOSITIONS AND
BARRING FACT WITNESSES FROM ATTENDING, READING, OR BEING
INFORMED ABOUT TESTIMONY AT DEPOSITION OF OTHER WITNESSES**

      Plaintiff John J. Boswell ("Boswell"), pursuant to Fed.R.Civ.P. 26(c)(5); Fed.R.Evid.

615; and S.D. Fla.L.R., App.A., II.A(2) moves the Court for a protective order sequestering

fact witnesses prior to their depositions and barring fact witnesses from attending, reading,

or being informed about testimony at depositions of other fact witnesses.   In support

hereof, Boswell states:

I.
Factual and Procedural Background

      1.     Boswell filed this action on August 25, 2005, seeking damages against

Defendants for their violations of Title III of the Omnibus Crime Control and Safe Streets

Act ("Act"), 18 U.S.C. §2510, *et seq.*  Boswell alleges that Defendants, a lawyer and his law

firm, used illegally recorded private and confidential telephone conversations in violation

of the Act during the course of depositions in a prior judicial proceeding.

      2.     Depositions are scheduled to commence in this case on Tuesday, January

Case No: 05-80781 CIV-Middlebrooks

10, 2006.  The first deposition scheduled is that of Boswell on January 10, 2006.  The

depositions of Defendants and several non-party fact witnesses are scheduled thereafter.

3.     Boswell believes that his deposition will be attended by non-party fact

witnesses who are scheduled to be deposed in these proceedings.

4.     Boswell anticipates that during his deposition, Defendants will seek to inquire

about the substance of the illegally recorded private conversations, the contents of which,

if heard by non-party witnesses, will invade Boswell's privacy.   In addition, Boswell

anticipates that the attending witnesses, who are themselves scheduled to be deposed in

this case, will alter or tailor their subsequent testimony after attending Boswell's deposition.

5.     Accordingly, pursuant to Fed.R.Civ.P. 26(c)(5); Fed.R.Evid. 615; and

S.D.Fla.L.R., App. A, II.A(2), Boswell requests that the Court sequester fact witnesses prior

to their depositions such that non-party fact witnesses be barred from attending, reading,

or being informed about the testimony adduced at the depositions of other witnesses.

## II.
## Memorandum of law

Rule 26(c)(5) provides, in pertinent part that:

> Upon motion by a party or by the person from whom discovery
> is sought, accompanied by a certification that the movement
> has in good faith conferred or attempted to confer with other
> affected parties in an effort to resolve the dispute without court
> action, and for good cause shown, the court in which the action
> is pending or alternatively, on matters relating to a deposition,
> the court in the district where the deposition is to be taken may
> make any order which justice requires to protect a party or
> person from annoyance, embarrassment, oppression, or
> undue burden or expense, including one or more of the
> following:
> . . .

2

Case No: 05-80781 CIV-Middlebrooks

(5) that discovery be conducted with no one present except persons designated by the court. . . .

Furthermore, Rule 615 of the Federal Rules of Evidence provides that:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the preparation of the party's cause, or (4) a person authorized by statute to be present.

Finally, §II.A(2) of Appendix A of this Court's Local Rules provides:

> (2) *Persons Who May Attend Depositions.*  As a general proposition, pretrial discovery in civil matters must take place in public unless compelling reasons exist for denying the public access to the proceedings.  Each lawyer may ordinarily be accompanied at the deposition by one representative of each client and one or more experts.  If witnesses sequestration is desired, a court order entered prior to the deposition is required.  Lawyers may also be accompanied by records custodians, paralegals, secretaries, and the like, even though they may be called as technical witnesses on such questions as chain of custody or the foundation for the business record rule, or other technical matters.  While more than one lawyer for each party may attend, only one should question the witness or make objections, absent contrary agreement.

The Court has the authority, under the foregoing rules, to order the exclusion of non-party fact witnesses from the depositions of parties or non-party witnesses. *See generally* 8 A. Wright, A. Miller & R. Marcus, *Fed. Prac. & Proc.* §2041 (2005).  The sequestration of witnesses is well established.  *See Frideres v. Schlitz,* 150 F.R.D. 153, 158 (S.D. Iowa 1993)("Sequestering witnesses to assist in ascertaining truth is at least as old as the

3

Case No: 05-80781 CIV-Middlebrooks

Bible."). Sequestration is particularly appropriate to prevent the dissemination of confidential information. *See Phillips Petroleum Co. v. Rexene Products Co.,* 158 F.R.D. 43 (D. Del. 1994). Sequestration also serves the purposes of preventing witnesses from "tailoring" their testimony to that of earlier witnesses and to detect testimony that is less than candid. *Geders v. United States*, 425 U.S. 80, 87, 96 S.Ct. 1330, 1335 (1976).

This lawsuit concerns the illegal recording of private and confidential communications and the unauthorized use of those communications by Defendants. The first deposition scheduled is that of Boswell, on Tuesday, January 10, 2006. There are also several other depositions scheduled, including the depositions of Defendants and various non-party fact witnesses. Because this action revolves around the recording of private conversations, Boswell anticipates that Defendants, during his deposition, will seek to elicit information regarding these private and confidential communications.

In order to protect Boswell's privacy and the confidentiality of the illegally intercepted communications, and to prevent fact witnesses who are scheduled to be deposed subsequent to Boswell's deposition from tailoring their testimony based on Boswell's deposition, Boswell asks that the Court order the sequestration of fact witnesses prior to their depositions by barring them from attending, reading, or being informed about the substance of testimony of other witnesses. Such sequestration will serve to ensure the integrity of the proceedings and the confidentiality of the information disclosed therein.

III.
Conclusion

For the reasons stated herein, Boswell requests that the Court enter the relief described herein.

4

Case No: 05-80781 CIV-Middlebrooks

IV.

Certification of Counsel

The undersigned counsel certifies that Defendants' counsel opposes the relief requested herein.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail and fax this 6th day of January 2006, to:

Gene P. Kissane, Esq.
Barry A. Postman, Esq.
S. Jonathan Vine, Esq.
Cole Scott & Kissane, P.A.
1645 Palm Beach Lakes Boulevard
2nd Floor
West Palm Beach, Florida 33401

Stuart Z. Grossman, Esq.
Grossman & Roth
Grand Bay Plaza
2665 S. Bayshore Drive
Suite PH-1
Miami, Florida 33133

/s/ Atlee W. Wampler III
Atlee W. Wampler III, Esq.
Florida Bar No: 0311227
Ricardo A. Banciella
Florida Bar No. 0599440
WAMPLER BUCHANAN WALKER
CHABROW & BANCIELLA, P.A.
SunTrust International Center
One S.E. Third Avenue, Suite 1700
Miami, Florida 33131
Tel. 305-577-0044; Fax 305-577-8545
E-Mail: awampler@wbwcb.com
E-Mail: rbanciella@wbwcb.com

and

Lawrence M. Burrell, Jr., Esq.
Florida Bar No: 982342
2880 S.E. Downwinds Road
Jupiter, Florida 33478
Tel: 561-747-5705; Fax: 561-747-0352
E-Mail: info@lmburrell.com

*Counsel for Plaintiff*

F:\CLIENTS\6082\PLEADINGS\M-Protective Order.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN J. BOSWELL,

       Plaintiff,                      Case No: 05-80781 CIV-Middlebrooks

v.                                  Magistrate Judge Johnson

JEFFREY FISHER AND
FISHER & BENDECK, P.A.,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
AND MEMORANDUM OF LAW FOR PROTECTIVE ORDER
SEQUESTERING FACT WITNESSES PRIOR TO DEPOSITIONS AND
BARRING FACT WITNESSES FROM ATTENDING, READING, OR BEING
INFORMED ABOUT TESTIMONY AT  DEPOSITION OF OTHER WITNESSES**

THIS CAUSE came before the Court upon Plaintiff's Motion and Memorandum of Law for Protective Order Sequestering Fact Witnesses Prior to Depositions and Barring Fact Witnesses from Attending, Reading, or Being Informed About Testimony at Deposition of Other Witnesses, and the Court being fully advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

1.      The Motion is GRANTED.

2.      Fact witnesses are prohibited from attending, reading, or being informed about the deposition testimony of parties or other witnesses in this cause.

DONE and ORDERED in Palm Beach County, Florida, this _____ day of January, 2006.

                             _____
                             DONALD M. MIDDLEBROOKS
                             United States District Court Judge

cc:    Atlee W. Wampler, Esq.
       Lawrence M. Burrell, Jr., Esq.
       Gene P. Kissane, Esq.
       Barry A. Postman, Esq.
       S. Jonathan Vine, Esq.
       Stuart Z. Grossman, Esq.

F:\CLIENTS\6082\PLEADINGS\O-M-Protective Order to Sequest Witnesses.wpd